UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CORRECT CRAFT IP HOLDINGS, LLC,

    Plaintiff,

v.                                                  Case No: 6:13-cv-1052-Orl-31TBS

TRICK TOWERS, LLC,

    Defendant.

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Motion for Entry of Default Final Judgment with Injunction. (Doc 16). Upon due consideration I respectfully recommend that the motion be GRANTED in part and DENIED in part.

### I. Background

Plaintiff Correct Craft IP Holdings, LLC brought this patent infringement action against Defendant Trick Towers, LLC on July 11, 2013. (Doc. 1). The complaint alleges that Defendant has sold or offered for sale in this country "water sport towing apparatuses" that infringe on four of Plaintiff's patents. (Doc. 1, ¶¶ 6-8). Plaintiff seeks treble damages and an injunction barring further infringement. (Doc. 1, p. 5).

On July 24, Plaintiff served a summons and complaint on an individual who admitted to the process server that he was "Trick Towers." (Doc. 10, p. 3). Defendant failed to answer, and on August 15, Plaintiff moved for entry of a clerk's default. (Doc. 11). Finding the return of service insufficient, the Court denied the motion. (Doc. 12). On September 20, Plaintiff filed a supplemental affidavit of service by the process server

---

[1] Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

stating that, on September 5, he delivered a copy of the summons and complaint to Wes Ward, Defendant's registered agent and the same person who had earlier confirmed that he was "Trick Towers." (Doc. 13-1). The Clerk entered Defendant's default on September 30. (Doc. 15). On October 30, Plaintiff moved for default judgment and an injunction against Defendant. (Doc. 16).

## II. Discussion

### A. The Clerk Properly Entered Default

As an initial matter, I find that the Clerk's default was proper. The federal rules require court clerks to enter a defendant's default "[w]hen service of process is properly effected, but the served party fails to respond in a timely manner . . . ." Kelly v. Florida, 233 F. App'x 883, 885 (11th Cir. 2007) (citing FED. R. CIV. P. 55(a)). Under the federal rules, service is proper if it is made on an LLC's registered agent. FED. R. CIV. P. 4(h)(1), (e)(1).[2]

Service of process was effected on Wes Ward, Defendant's registered agent, on September 5, 2013. (Doc. 13-1). Pursuant to Rule 12(a)(1), Defendant was required to respond to the Complaint within twenty-one (21) days from the date of service–in other words, by September 26, 2013. Defendant failed to respond to the Complaint and has otherwise failed to appear in this action. Thus, the Clerk's default (Doc. 15) was properly entered.

### B. There is Sufficient Basis for Entry of Default Judgment Against Defendant Trick Towers, LLC

The entry of a default by the Clerk does not necessarily require the court to enter a default judgment. DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala.

---

[2] The federal rules provide that service can be made by any manner accepted in the state or by delivering copies of the summons and complaint to any agent authorized by appointment or by law to receive service of process. FED. R. CIV. P. 4(h)(1), (e)(1). Defendant Trick Towers, LLC is a Texas limited liability company. (Doc. 1, ¶ 2). Service on a Texas LLC's registered agent effects service on the LLC. See TEX. BUS. ORGS. CODE § 5.201(b)(1).

2005). Before judgment can be entered pursuant to F ED. R. C IV. P. 55(b), there must be a sufficient basis in the pleadings to support the relief sought. Id. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[3]

To establish a claim for direct patent infringement, a plaintiff must prove (1) ownership of the patent; and (2) the defendant's unauthorized making, use, importation, sale, or offer to sell the patented invention. 35 U.S.C. § 271(a). Plaintiff alleges in its complaint that it is the owner of Patent No. RE37,823, Patent No. 6,192,819, Patent No. 6,666,159, and Patent No. 7,299,761. (Doc. 1, ¶ 6). Plaintiff also alleges that Defendant has sold and offered for sale in the United States "water sport towing apparatuses," including "the Trick Towers Razor and Fly High Roll X Tower products," "that directly or indirectly infringe upon one or more claims of the Patents-in-Suit." (Doc. 1, ¶ 8). By virtue of its default, Defendant has admitted these allegations. Accordingly, I find that there is a sufficient basis to conclude that Defendant has infringed Plaintiff's patents by selling or offering to sell the Trick Towers Razor and Fly High Roll X Tower products.

### C. Plaintiff is Entitled to Damages, But Only for Infringement Beginning July 24, 2103

A plaintiff who proves that the defendant infringed its patent may recover damages from the defendant for the entire period of the infringement if the plaintiff and its licensees mark the patented article in accordance with statute. 35 U.S.C. § 287(a). If the plaintiff and licensees fail to mark patented articles, then the plaintiff must prove "that the infringer was notified of the infringement and continued to infringe thereafter, in which event

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

- 3 -

damages may be recovered only for infringement occurring after such notice." Id. "The actual notice requirement of § 287(a) demands notice of the patentee's identity as well as notice of infringement." Lans v. Digital Equipment Corp., 252 F.3d 1320, 1327 (Fed. Cir. 2001). The notice "must be an affirmative act on the part of the patentee which informs the defendant of infringement." Id. Plaintiff bears the burden of proving marking in accordance with statute or notice to the infringer. Dunlap v. Schofield, 152 U.S. 244, 248 (1894).

Plaintiff does not allege that articles embodying the patented inventions were marked in accordance with statute. Instead, it alleges that it "affirmatively gave [Defendant] notice of the Patents-in-Suit at least as early as February 10, 2010." (Doc. 1, ¶ 9). Plaintiff also alleges, on information and belief, that Defendant "knew of the Patents-in-Suit" prior to receiving notice. (Id.) Defendant has admitted these allegations by virtue of its default. The problem for Plaintiff is that these allegations do not establish that Defendant had knowledge that it was infringing Plaintiff's patents prior to service of the summons and complaint. Notice of a patent's existence is not sufficient to trigger damages, despite failure to mark. Erie Engineered Products, Inc. v. Wayne Integrated Technologies Corp., 402 F. Supp. 2d 424, 427 (E.D.N.Y. 2005). Therefore, Plaintiff is only entitled to damages beginning July 24, 2013, when it first served a copy of the summons and complaint on Defendant's registered agent.

D. Calculating the Amount of Damages

A patent owner who proves infringement and entitlement to damages (either by marking or notice) is entitled to "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. The Court may enhance Plaintiff's damages by awarding up to treble damages if it finds that

the infringement in this case was willful. Whitserve, LLC v. Computer Packages, Inc., 694 F.3d 10, 37 (Fed. Cir. 2012). To decide whether to grant enhanced damages under § 284, the Court must follow a two-step process:

> "First, the fact-finder must determine whether an infringer is guilty of conduct upon which increased damages may be based. If so, the court then determines, exercising its sound discretion, whether, and to what extent, to increase the damages award given the totality of the circumstances"

Jurgens v. CBK, Ltd., 80 F.3d 1566, 1570 (Fed. Cir. 1996). If the Court finds that the defendant willfully infringed the plaintiff's patent but awards only compensatory damages it must provide reasons for doing so. Whitserve, 694 F.3d at 37 (citing Jurgens, 80 F.3d at 1572).

Plaintiff has attached to its motion the declaration of Angela Pilkington, Vice President of Correct Craft IP Holdings. (Doc. 16-1). Ms. Pilkington states that she obtained a report regarding Defendant's sales from Dunn and Bradstreet which revealed that Defendant has annual sales of about $140,000. (Id., ¶ 3). Ms. Pilkington also states that, "[b]ased on [Plaintiff's] established licensing programming, a reasonable royalty for a seller of this size would be eight percent (8%) of gross sales." (Id., ¶ 4). This estimate is based on years of experience negotiating license agreements with tower manufacturers and resellers. (Id.). The Court finds that these figures are reasonable, and therefore concludes that an annual royalty of $11,200 is appropriate. This works out to $30.68 per diem. From July 24, 2013, that day included, through October 31, 2013 represents a period of 100 days. Multiplying $30.68 per day by 100 days yields a reasonable royalty of $3,068.

Plaintiff has alleged (and Defendant therefore admitted) that "Defendant lacks justifiable belief that there is no infringement or that the infringed claims are invalid and has acted with objective recklessness in its infringing activities." (Doc. 1, ¶ 15). These

- 5 -

facts are sufficient to support a finding that Defendant's infringement was willful. Additionally, no circumstances have been presented warranting less than treble damages. Therefore, I recommend that the Court treble the compensatory damage award, and enter judgment for Plaintiff in the amount of $9,204.

### E. Plaintiff is Entitled to Injunctive Relief

In addition to damages, the Court may grant a patentee who prevails in an infringement action an injunction "in accordance with the principles of equity to prevent" further infringement, "on such terms as the court deems reasonable." 35 U.S.C. § 583. "[W]ell-established principles of equity" generally require a plaintiff seeking a permanent injunction to demonstrate

> "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."

eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006). "The decision to grant or deny a permanent injunction is an act of equitable discretion by the district court." Id.

Plaintiff has suffered and continues to suffer an irreparable injury from Plaintiff's infringement of its patents. While Plaintiff may be able to win a monetary judgment based on future infringement, it should not be required to litigate in order to enforce its "right to exclude others from making, using, offering for sale, or selling" the inventions at issue. 35 U.S.C. § 154(a)(1). Moreover, it is doubtful at best that Plaintiff will be able to collect any monetary judgment from Defendant, a small, privately-owned LLC. The balance of the equities tips in the Plaintiff's favor, given the willfulness of the infringement. Finally, an injunction here would not disserve the public interest. This does not appear to be a case in which the holder of a "potential[ly] vague[]" or "[in]valid" patent embodied in "but a small component of the product [Defendant] seeks to produce" wields the threat of an injunction

to extract "exorbitant [licensing] fees." eBay, 547 U.S. 388, 396-97 (Kennedy, J., concurring).

    F.  Crafting a Proper Injunction

Rule 65(d)(1) requires that "[e]very order granting an injunction . . . (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail–and not by referring to the complaint or other document, the act or acts restrained or required." These provisions are not "mere technical requirements," Schmidt v. Lessard, 414 U.S. 473, 476 (1974), but important safeguards rooted in constitutional due process concerns. Because a party who violates an injunction may be subject to criminal contempt, a party subject to one is entitled to "fair warning" of "what [conduct] is prohibited." Grayned v. City of Rockford, 408 U.S. 104, 109 (1972). Rule 65 is "designed to prevent uncertainty and confusion" about the scope of injunctions, Schmidt, 414 U.S. at 476, by requiring district courts who write them to "frame [their] orders so that those who must obey them will know what the court intends to require and what it means to forbid." Int'l Longshoreman's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n, 389 U.S. 64, 76 (1967). The Court has "an independent duty to assure that the injunctions it issues comply with" Rule 65. Chicago Bd. of Educ. v. Substance, Inc., 354 F.3d 624, 632 (7th Cir. 2003).

An injunction is appropriate here because Defendant has infringed Plaintiff's patents and may continue to do so unless enjoined and because, as set forth above, Plaintiff has satisfied the traditional four-factor test for injunctive relief. However, the proposed injunction is problematic for two reasons. First, it refers to specific products for which Plaintiff has not offered evidence of infringement.[4] "An injunction must be narrowly

---

[4] The Complaint references the Trick Towers Razor and Fly High Roll X Tower. (Doc. 1, ¶ 8). The proposed injunction refers to the Custom Razor Tower, Fly High X-Tower, Fly High X roll Bar, and DIY Pro Universal Swoop Tower. (Doc. 16-2, p. 2).

tailored to remedy the specific harm shown" by the party seeking the injunction. Aviation Consumer Action Project v. Washburn, 535 F.2d 101, 108 (D.C. Cir. 1976). Accord e360 Insight v. The Spamhaus Project, 500 F.3d 594, 604 (7th Cir. 2007) (courts must "'tailor injunctive relief to the scope of the violation found'" (quoting Nat'l Org. for Women, Inc. v. Scheidler, 396 F.3d 807, 817 (7th Cir. 2005))). Defendant has admitted only that the "Trick Towers Razor and Fly High Roll X Tower products" are infringing. (Doc. 1, ¶ 8).

Second, the catchall provision covering "any substantially similar towers that infringe" the four patents-in-suit violates Rule 65(d). Injunctions barring illegal acts "similar" to those proven in the case are strong candidates for reversal on appeal. See, e.g., Federal Election Comm'n v. Furgatch, 869 F.2d 1256, 1263 (9th Cir. 1989) (injunction barring "future similar violations" of federal election laws struck down); Gulf Oil Corp. v. Brock, 778 F.2d 834, 843 (D.C. Cir. 1985) (injunction restraining disclosure of documents "substantially similar" to identified documents); Common Cause v. Nuclear Regulatory Comm'n, 574 F.3d 921, 926-27 (D.C. Cir. 1982) (injunction barring Nuclear Regulatory Commission from closing meetings "similar in nature" to a particular meeting); Rocket Jewelry Box, Inc. v. Quality Int'l Packaging, Ltd., 90 Fed. Appx. 543, 548 (Fed. Cir. 2004) (injunction barring defendant from marketing and selling the two specific lines of jewelry boxes as well as "any similar such boxes"). I cannot recommend an injunction barring the sale of "substantially similar towers" without a more detailed description of how the Court can determine whether a tower is "substantially similar" to those listed.

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. Plaintiff's Motion (Doc. 16) be **GRANTED in part and DENIED in part**;

2. The Court enter judgment for Plaintiff, Correct Craft IP Holdings, LLC and against Defendant Trick Towers, LLC in the amount of $9,204; and

3. The Court enter an order permanently enjoining Defendant Trick Towers, LLC; its officers, agents, servants, employees, and attorneys; and anyone in active concert or participation with Defendant or its officers, agents, servants, employees, and attorneys from making, using, selling offering for sale, and importing into the United States the Trick Towers Razor and Fly High Roll X Tower products that practice any of the claims of the following U.S. Patents:

   a. No. RE37,823, Water Sport Towing Apparatus and Method;

   b. No. 6,192,819, Water Sport Towing Apparatus;

   c. No. 6,666,159, Water Sport Towing Apparatus; and

   d. No. 7,299,761, Water Sport Towing Apparatus.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on November 1, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record
Any Unrepresented Parties